Drinker, Biddle & Reath, Ernest L. Nagy, Calvin H. Rankin, Philadelphia, Pa., for plaintiff.

Andrew D. Sharpe, Richard M. Roberts, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., for defendant.

## The ATLANTIC STEEL CASTINGS COMPANY

v.

## UNITED STATES of America.

Civ. A. No. 14132.

United States District Court
E. D. Pennsylvania.

July 31, 1956.

KRAFT, District Judge.

In this action for refund of internal revenue taxes the pleadings and a lengthy factual stipulation comprise the record from which is made the following

### Findings of Fact

1. Plaintiff is a Delaware corporation with its principal place of business at Chester, Delaware County, Pennsylvania. Defendant is the United States of America.

2. Plaintiff is and during the year 1940 was engaged in the business of producing steel castings.

3. During 1940 plaintiff sold and delivered to Sun Shipbuilding and Drydock Company certain steel castings for use by Sun in ship construction under Sun's contracts with the United States Maritime Commission.

4. Plaintiff included the proceeds of these sales as income for the taxable year 1940 in its income and defense, declared value excess profits and defense, and excess profits tax return and in determination of its tax for that year.

5. On May 15, 1941, pursuant to an extension of time granted, plaintiff filed for the taxable year 1940, with Walter J. Rothensies, the then Collector of Internal Revenue for the First District of Pennsylvania, its corporation income and defense, declared value excess profits and defense, and excess profits tax return, reporting $17,927.38 due as income and defense tax and $5,596.43 due as excess profits tax, which plaintiff thereafter paid. Plaintiff reported no declared value excess profits and defense tax due.

6. Thereafter there was assessed against the plaintiff for 1940 additional corporation income and defense tax of $9,807.36, plus interest; additional excess profits tax of $10,125.22, plus interest; declared excess profits and defense tax of $1,099.63, plus interest. Plaintiff paid the additional tax assessed with interest between June 22 and August 8, 1942.

7. Walter J. Rothensies ceased to hold office as Collector of Internal Revenue on January 31, 1945.

8. Between March 9 and June 21, 1945, plaintiff received for 1940 refunds of corporation income and defense tax in the amount of $278, plus interest; excess profits tax of $342.32, plus interest; declared value excess profits and defense tax of $82.14, plus interest.

9. On May 20, 1947, the United States Maritime Commission notified plaintiff that it was required to repay to the Commission $6,433.87 of the profits on the 1940 sales of the plaintiff on the ground that its 1940 profits were, to that extent, excessive and subject to repayment under § 505(b) of the Merchant Marine Act of 1936.

10. On June 11, 1947 plaintiff applied to the Internal Revenue Bureau, pursuant to Section 3806 of the Internal Revenue Code of 1939, for a computation of tax credits to be allowed plaintiff against the amount it was required to repay to the Maritime Commission. Plaintiff and defendant have agreed that, except for Section 3806, the statute of limitations barred any refund or credit to plaintiff for 1940.

11. On July 7, 1947, the Internal Revenue Bureau notified plaintiff and the Maritime Commission that plaintiff was entitled to the following tax credits for 1940: corporation income and defense tax $1,442.22; excess profits tax $1,567.-15; declared value excess profits and defense tax $424.63; total $3,434.

12. Subsequently plaintiff paid the Maritime Commission $2,999.87 which was the amount of the required repayment less the tax credit determined by the Internal Revenue Bureau.

13. The Internal Revenue Bureau computed the plaintiff's 1940 tax credit of $3,434 by reducing the plaintiff's 1940 income by the amount of the required repayment to the Maritime Commission and by applying Section 710 of the Internal Revenue Code of 1939, subtracting from the previously determined aggregate tax of $43,852.57 the recomputed aggregate tax of $40,418.57.

14. The Bureau of Internal Revenue did not apply Section 726 of the Internal Revenue Code of 1939 in computing the 1940 tax credit allowable to plaintiff.

15. On January 24, 1948, plaintiff filed with the then Collector of Internal Revenue claims for refund of 1940 corporation income and defense tax in the sum of $27.90; excess profits tax in the sum of $4,866.72; declared value excess profits and defense tax in the sum of $8.23 or a total of $4,902.85, on the ground that the credits allowable to plaintiff were greater than those allowed by the Internal Revenue Bureau's computation.

16. On July 18, 1950, the Bureau of Internal Revenue advised plaintiff that its claims for refund would be disallowed in due course. On August 20, 1950, the Commissioner of Internal Revenue notified plaintiff of the disallowance of its

claim for excess profits tax refund for 1940. The Commissioner took no further action upon plaintiff's claim for refund of 1940 corporation income and defense, and declared value excess profits and defense tax.

17. The United States Maritime Commission did not, prior to 1949, certify to the Commissioner of Internal Revenue that the plaintiff had completed within the taxable year 1940 any contracts or subcontracts which were subject to the provisions of Section 505(b) of the Merchant Marine Act of 1936.

18. On August 30, 1949, upon plaintiff's request of August 22, 1949, the United States Maritime Commission certified, in writing, that the plaintiff had completed within the taxable year 1940 subcontracts which were subject to the provisions of Section 505(b) of the Merchant Marine Act of 1936. This written certification was delivered by the plaintiff to the Internal Revenue Bureau on October 5, 1949.

### Discussion

The sole question for determination is whether the Internal Revenue Bureau should have determined under § 726 [1] of the Internal Revenue Code of 1939 the credit allowable to plaintiff by § 3806 [2] of the same code. When the plaintiff filed its 1940 tax return on May 15, 1941, the United States Maritime Commission had not certified to the Commissioner of Internal Revenue that plaintiff had completed, during 1940, any subcontracts which were subject to provisions of § 505(b) of the Merchant Marine Act of

1936, 46 U.S.C.A. § 1155(b); nor had the plaintiff requested such certification. Section 726(a) makes such a certification by the Maritime Commission to the Commissioner of Internal Revenue a condition precedent to the imposition of the tax computable under § 726(b). Plaintiff made no request of the Maritime Commission for the required certificate until August 22, 1949 and did not deliver the certificate to the Internal Revenue Bureau until October 5, 1949. This total non-compliance with the condition precedent prescribed by § 726(a) precluded determination of plaintiff's 1940 tax under § 726(b) in June 1947 when plaintiff applied for computation of tax credits allowable under § 3806.

Plaintiff and defendant agree that, except for the provisions of § 3806, plaintiff's right to tax refund or credit for 1940 is barred. Congress, recognizing that repayment of excessive profits would effect, in essence, a second cumulative excess profits tax, provided a means of mitigation. Section 3806(a) (1) provides, inter alia, that in the case of any subcontract made by the taxpayer under a contract with an agency of the United States, if a renegotiation is made in respect to such subcontract and an amount of excessive profits received thereunder for a taxable year is eliminated and, in a taxable year after December 31, 1941, the taxpayer is required to repay to the agency the amount of excessive profits eliminated, the part of the subcontract price which was received for the prior taxable year shall be reduced by the amount of excessive profits eliminated.

---

1. 26 U.S.C.A. Excess Profits Taxes, § 726.

"§ 726. Corporations completing contracts under Merchant Marine Act, 1936

"(a) If the United States Maritime Commission certifies to the Commissioner that the taxpayer has completed within the taxable year any contracts or subcontracts which are subject to the provisions of section 505(b) of the Merchant Marine Act of 1936, as amended, then the tax imposed by this subchapter for such taxable year shall be, in lieu of a tax computed under section 710, a tax computed under subsection (b) of this

section, if, and only if, the tax computed under subsection (b) is less than the tax computed under section 710.

"(b) The tax computed under this subsection shall be the excess of—

"(1) A tentative tax computed under section 710 with the normal-tax net income increased by the amount of any payments made, or to be made, to the United States Maritime Commission with respect to such contracts or subcontracts; over

"(2) The amount of such payments."

2. 26 U.S.C.A. § 3806.

The Internal Revenue Bureau complied with this requirement when it reduced plaintiff's 1940 subcontract prices by the sum of $6,433.87, the amount of excessive profits eliminated by the plaintiff's repayment to the Maritime Commission.

As applied to this plaintiff Section 3806(b) (1) provides that there shall be credited against the $6,433.87 (the amount of excessive profits eliminated) the amount by which the tax for 1940 under Chapters 1, 2A, 2B, 2D and 2E is decreased by reason of the reduction of the plaintiff's 1940 subcontract prices by that $6,433.87.

Section 3806(b) (3) provides the method of computation where, as here, plaintiff's right to refund or credit is otherwise barred. This section provides in pertinent part as follows:

" * * * There shall first be ascertained the tax previously determined for the prior taxable year. The amount of the tax previously determined shall be the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return * * * plus (B) the amounts previously assessed * * * as a deficiency, over—

"(2) the amount of rebates * * * made. There shall then be ascertained the decrease in tax previously determined which results solely from the application of paragraph (1) * * * of subsection (a) to the prior taxable year. The amount so ascertained, together with any amounts collected as additions to the tax or interest, as a result of paragraph (1) * * * of subsection (a) not having been applied to the prior taxable year shall be the amount by which such tax is decreased."

It is undisputed that "for the prior taxable year", 1940, "the tax previously determined" was $43,852.57. The amount of this "tax previously determined" resulted from plaintiff's own computation and return, in 1941 under § 710, of its 1940 tax plus subsequent assessments and less subsequent refunds. Under § 3806(b) (3) the Bureau was obliged to accept the sum of $43,852.57 as the plaintiff's "tax previously determined" for 1940 since the Bureau lacked authority to re-determine then the 1940 tax by computation under § 726(b).

Though counsel have failed to discuss the point, possibly because of the trivial sum involved, it is to be noted that while § 3806(b) (1) provides, inter alia, for credit against the amount of excessive profits eliminated in the amount by which the tax under Chapter 2B for the prior taxable year is decreased by reason of the application of § 3806(a) (1), § 3806 (b) (3) omits the tax under Chapter 2B. No provision is made therein for computation of the amount by which plaintiff's 1940 tax under Chapter 2B is decreased by the application of § 3806(a) (1).

The provisions in § 3806(b) (3) (2) that "the decrease in tax previously determined which results solely from the application of" § 3806(a) (1), as applied to this plaintiff, can mean only that the subcontract prices received by it in 1940 shall be reduced $6,433.87 in amount and that the tax decrease shall then be ascertained by the same standard of computation used to compute the "tax previously determined", which was § 710 not § 726. This the Bureau correctly did. Section 3806 provides neither for re-determination under § 726(b) of plaintiff's previously determined tax for 1940 nor for determination under § 726(b) of plaintiff's tax on its 1940 income as reduced by the repayment of excessive profits to the Maritime Commission.

### Conclusions of Law

1. The court has jurisdiction of the action under 28 U.S.C.A. § 1346.

2. Plaintiff, under 26 U.S.C.A. § 3806 (a) (1) was entitled to have the subcontract prices received by it in 1940 reduced by $6,433.87.

3. Against the $6,433.87 excessive profit which the Maritime Commission required plaintiff to repay, plaintiff was entitled, under 26 U.S.C.A. § 3806(b) (1), to a credit in the amount by which

the tax for the year 1940 under Chapters 1, 2A, 2B, 2D and 2E was decreased by reason of the reduction by $6,433.87 of the subcontract prices received by plaintiff in 1940.

4. The method of computation of the amount by which the plaintiff's tax for 1940 under Chapters 1, 2A, 2D or 2E is decreased by the application of § 3806 (a) (1) is provided by § 3806(b) (3).

5. No provision is made by § 3806 (b) (3) for the decrease of the plaintiff's tax under Chapter 2B for 1940.

6. The tax imposed upon plaintiff for the taxable year 1940 was under § 710 and not under § 726(b) of the Code.

7. The plaintiff's tax previously determined for the taxable year 1940, as defined by § 3806(b) (3), was $43,852.57.

8. The decrease in plaintiff's tax previously determined for the taxable year 1940 and the credit allowed plaintiff which resulted solely from the application of § 3806(a) (1) to the taxable year 1940 was correctly determined by the Bureau of Internal Revenue under § 3806(b) (3).